UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPRICE MCCRARY,

        Plaintiff,                      Civil Case No. 14-14053
                                            Honorable Linda V. Parker

v.

OAKWOOD HEALTHCARE, INC.,

        Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO CERTIFY AN ORDER FOR INTERLOCUTORY APPEAL</u>**

In this lawsuit, Plaintiff charges Defendant with race discrimination in violation of 42 U.S.C. § 1981 and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"). On August 28, 2015, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, which this Court denied in an opinion and order entered March 16, 2016. (ECF No. 28.) Presently before the Court is Defendant's Motion for Reconsideration or, in the Alternative, Motion to Certify an Order for Interlocutory Appeal. (ECF No. 31.) On April 5, 2016, this Court issued a notice granting Plaintiff permission to file a response to Defendant's motion for reconsideration if she chose to do so. (ECF No. 32.) Plaintiff filed a response on April 19, 2016. (ECF No. 33.) With the Court's permission, Defendant filed a reply brief on May 10, 2016. For the reasons that follow, the

Court denies Defendant's motion for reconsideration and request to certify an order for interlocutory appeal.

Defendant raises several arguments in support of its motion for reconsideration. First, Defendant contends that an adverse action is a required element for a § 1981 claim and that the facts in the present case are indistinguishable from *Crane v. Mary Free Bed Rehabilitation Hospital*, -- F. App'x --, 2015 WL 8593471 (2015), such that Plaintiff cannot satisfy this element of her claim. Next, Defendant argues that even if an adverse action is not required to prove a § 1981 claim, it is a necessary element of a claim under ELCRA. With respect to its request for authorization to pursue an interlocutory appeal, Defendant maintains that all of the elements guiding the Court's decision on whether to allow for an interlocutory appeal weigh in favor of doing so here.

## Motion for Reconsideration

Pursuant to Eastern District of Michigan Local Rule 7.1, motions for reconsideration should be granted only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*. A "palpable defect" is a defect which is "obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v.*

2

*Michalec*, 181 F.Supp.2d 731, 734 (E.D. Mich. 2002) (citations omitted).  Motions for reconsideration that " 'merely present the same issues ruled upon by the court, either expressly or by reasonable implication', shall not be granted." *Id.* (quoting E.D. Mich. LR 7.1(h)(3)).

Defendant does not raise any arguments in its motion for reconsideration that the Court did not already consider and reject.  Even if the Court erred in concluding that an adverse action is not necessarily an element of a plaintiff's § 1981 claim, the Court went on to state that there was sufficient evidence to create a question for the jury as to whether the circumstances involved were sufficient to alter the terms and conditions of Plaintiff's employment.  The Court disagrees with Defendant, for the reasons set forth in its March 16, 2016 decision, that this case is indistinguishable from *Crane*.  For these reasons, the Court finds sufficient evidence to enable Plaintiff to survive summary judgment with respect to her ELCRA claim as well.

## Motion for Interlocutory Appeal

A district court has the discretion to grant permission to a party to appeal a non-final order if: (1) the challenged directive "involves a controlling question of law"; (2) a "substantial ground for difference of opinion" exists regarding the correctness of the decision; and, (3) an immediate appeal "may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The Sixth Circuit

Court of Appeals has advised that interlocutory review should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

A decision "involves a controlling question of law" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Services, Inc.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992). Sixth Circuit law establishes that " 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164, at *3 (E.D. Mich. Mar.10, 2010) (citing *In re City of Memphis*, 293 F.3d at 350-51). District courts in this Circuit have held that this occurs where: (1) an issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit concerning the issue; or, (3) the circuits are split on the issue. *Id.* (citing *Gaylord Entm't. Co. v. Gilmore Entm't. Grp.*, 187 F. Supp. 2d 926, 956 (M.D. Tenn.2001)).

The Court does not believe that there is a controlling question of law or one that, if resolved, could materially advance the ultimate termination of this litigation. As this Court stated in its March 16, 2016 decision, even if Plaintiff must show an adverse action to prevail on her § 1981 and ELCRA claims, the facts of this case are such that it is a jury question whether the terms and conditions of her employment were altered as a result of her encounter with a racist patient and

4

Defendant's response to the patient. This factual dispute renders interlocutory appeal inappropriate.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Reconsideration or, in the Alternative, Motion to Certify an Order for Interlocutory Appeal is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 19, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 19, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
